IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WALTHOUR, et al., | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiffs, | : | NO. 09-03660 |
| v. | : | |
| CHILD AND YOUTH SERVICES, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**Slomsky, J.**                                                                                        **December 21, 2009**

Plaintiffs, Victor Walthour, Sr. and Rosalyn Walthour, filed a pro se civil rights complaint on August 11, 2009 against Delaware County Child and Youth Services ("CYS"), employees of CYS, law enforcement officials, and judicial officers. Plaintiffs have not yet served any Defendants and have filed four supplemental and/or amended pleadings, including: (1) an Amended Complaint, on September 22, 2009 (Doc. No. 2); (2) a Second Amended Complaint, on November 12, 2009 (Doc. No. 3); (3) supplemental documents which were received by the Clerk of Court on November 23, 2009 (Doc. No. 5) and docketed by an Order from this Court on November 24, 2009 (Doc. No. 4); and (4) supplemental documents which were received by the Clerk of Court on December 2, 2009 (Doc. No. 7) and docketed by an Order from this Court on December 4, 2009 (Doc. No. 6). While these pleadings demonstrate Plaintiffs' valiant attempt to convey the harm they have allegedly suffered, they fail to comply

with the Federal Rules of Civil Procedure.

Rule 8(a)(2) of the Federal Rules of Civil Procedure ("F.R.C.P.") states that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Therefore, a complaint filed with this Court must be pled with sufficient specificity to give "the defendant fair notice of what claim is being pressed against him so that he can make an adequate response." Loftus v. Southeastern Pa. Transp. Auth., 843 F. Supp. 981, 986 (E.D. Pa. 1994) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'") (quoting F.R.C.P. 8(a)(2)).

Rule 10(a) requires that "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties." (Emphasis added.) In addition, Rule 10(b) requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The purpose of these rules is to ensure that defendants are adequately on notice of the claims against them, and that they are able to respond to the claims and allegations in a clear and orderly manner. Conformity with these rules is essential to the efficient administration of justice in the federal courts.

Plaintiffs' pleadings, amendments, and supplemental filings are disjointed and incomplete. They fail to name all defendants and all claims in one single pleading. Defendants cannot be on notice of the claims against them if they are not named in the caption, nor can they

adequately respond to claims scattered throughout various pleadings and supplemental filings. To overcome these pleading infirmities, Plaintiffs are Ordered to file a complete amended complaint in accordance with F.R.C.P. 8 and 10. See Azubuko v. Bell Nat'l Org., 243 Fed. Appx. 728, 729 (3d Cir. 2007).

Therefore, if Plaintiffs wish to pursue this case, they must file one complete amended complaint, which shall (1) name all Defendants in the caption; (2) in numbered paragraphs, state simply, concisely, and directly each of the events or conditions that violated Plaintiffs' constitutional or statutory rights; (3) provide the dates on which the alleged events occurred; (4) state the harm suffered, if any, from each violation; and (5) state the specific relief requested. The amended complaint must be a new pleading "which stands by itself without reference to the complaints already filed . . . . [and] should not contain legal argument or reference to court cases." Sarnowski v. Rummings, 2006 WL 680844, at *2 (M.D. Pa. March 14, 2006). Plaintiffs are advised that once they have filed a complete amended complaint, they may not file any additional amended complaints without first obtaining permission from the Court, pursuant to F.R.C.P. 15(2).

Finally, Plaintiffs are reminded that this case cannot proceed until each Defendant is served with a summons and complaint. Plaintiffs have filed numerous documents with this Court dating back to August 11, 2009, and the Clerk of Court has issued summonses twice. However, it appears that Plaintiffs have not yet served a summons and complaint on any of the Defendants. Plaintiffs are therefore advised that, after filing their complete amended complaint pursuant to this Court's Order, they should serve each Defendant with a copy of the complaint and the new summons that will be issued by the Clerk of Court. Such service must take place

within 120 days after the complete amended complaint is filed.  F.R.C.P. 4(m).  Plaintiffs must then file with the Court proof that service has been made on each Defendant.  F.R.C.P. 4(l) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.").  If Plaintiffs fail to comply with this Court's Order, their complaint may be dismissed.  <u>Azubuko</u>, 243 Fed. Appx. at 729.

    An appropriate Order follows.

BY THE COURT:


 /s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.